United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JIMMY PADILLA,
Plaintiff,

v.

C. SANCHEZ,
Defendant.

Case No. 26-cv-01659-LB

**AMENDED AND REISSUED ORDER OF SERVICE**

On August 17, 2026, the Court concluded that Plaintiff had stated cognizable claims against Defendant Sanchez and ordered service of the Complaint upon that defendant.[1] It appears that, due to an administrative error, the Complaint was not served.

The Court hereby reissues its Order of Service, and amends the deadlines to run from the date the instant Amended and Reissued Order of Service is served upon Defendant Sanchez.

## INTRODUCTION

Jimmy Padilla, an inmate at the Correctional Training Facility, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983.[2] This order finds that the complaint states cognizable claims and orders service of process.

---

[1] Order of Service – ECF No. 7-1. Citations refer to material in the Electronic Case File (ECF); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

[2] Compl. – ECF No. 1.

United States District Court
Northern District of California

## STATEMENT

At all relevant times, Mr. Padilla was incarcerated at the Correctional Training Facility ("CTF").[3]

Mr. Padilla alleges that on November 2, 2025, he spoke to a superior officer regarding CTF correctional officer Sanchez, and complained that Defendant Sanchez damaged inmates' property and harassed and retaliated against inmates. Mr. Padilla alleges that on November 3, 2025, he informed a fellow inmate that Defendant Sanchez had packed that inmate's property. Mr. Padilla alleges that Defendant Sanchez overheard this statement and indicated that Defendant Sanchez also was aware of Mr. Padilla's prior conversation with the supervising officer. Mr. Padilla alleges that Defendant Sanchez indicated he would retaliate for Mr. Padilla's statements the next time Defendant Sanchez searched Mr. Padilla's cell.[4]

One week later, Defendant Sanchez searched Mr. Padilla's cell. Mr. Padilla alleges that Defendant Sanchez "trashed" the cell, destroying some of Mr. Padilla's property in the process. Mr. Padilla alleges that he confronted Defendant Sanchez about these acts, and Defendant Sanchez stated that they were in response to Mr. Padilla's complaints about Defendant Sanchez.[5]

Mr. Padilla alleges that he grieved this incident and exhausted all administrative remedies regarding this incident.[6]

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

---

[3] *Id.*

[4] *Id.* at 6.

[5] *Id.* at 6–7.

[6] *Id.* at 1.

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Here, Mr. Padilla alleges that he engaged in the protected conduct of discussing potential staff misconduct with a superior officer. He alleges that Defendant Sanchez threatened to retaliate against him for this protected conduct, and that Defendant Sanchez did in fact retaliate. Liberally construed, Mr. Padilla's allegations are sufficient to suggest Defendant Sanchez retaliated against him.

## CONCLUSION

1. Liberally construed, the complaint states a cognizable § 1983 claim against correctional officer C. Sanchez. The court orders that Defendant Sanchez be served **ELECTRONICALLY** at the Correctional Training Facility.

Service on the listed defendant will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR

custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint (ECF. No. 1), this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The clerk shall serve by mail a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the court a completed CDCR Report of E-Service Waiver advising the court whether the defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) or whether the defendant declines to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the court a waiver of service of process for the defendant if he is waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk will provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than sixty days from the date of service, the defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, the defendant must so inform the court prior to the date the motion is due. If the defendant files a motion for summary judgment, the defendant must provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on nonexhaustion of administrative remedies, the defendant must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

United States District Court
Northern District of California

b. The plaintiff must file and serve his opposition to the summary judgment or other dispositive motion no later than **twenty-eight days** after receiving defendant's motion. The plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. Defendant **shall** file a reply brief no later than **twenty-one days** after plaintiff files his opposition.

3. The plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998). If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he or she is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

4. All communications by the plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until defense counsel has

United States District Court
Northern District of California

been designated, the plaintiff may serve a document by mailing a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. The plaintiff is responsible for prosecuting this case. The plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so **will** result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or is released from custody.

7. The plaintiff is cautioned that he must include the case name and case number for this case on every document he files.

**IT IS SO ORDERED.**

Dated: November 4, 2026

LAUREL BEELER
United States Magistrate Judge